

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JAN - 2 2013
J. T. NOBLIN, CLERK
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**FREDRICK L. ROBINSON**                                    **PLAINTIFF**

**VS.**                                    CAUSE NO. *3:13CV7HTW-LRA*

**JACKSON STATE UNIVERSITY;**                    **DEFENDANT**
**DR. VIVIAN FULLER, INDIVIDUALLY;**
**DR. CAROLYN MYERS, INDIVIDUALLY; AND**
**JOHN DOES 1-10**

<u>**COMPLAINT**</u>
**JURY TRIAL DEMANDED**

COMES NOW Plaintiff, FREDRICK L. ROBINSON (hereinafter "Plaintiff Robinson"), by and through his undersigned counsel, and files this Complaint against JACKSON STATE UNIVERSITY, (hereinafter "Defendant JSU"); DR. CAROLYN MYERS (hereinafter "Defendant Myers"); DR. VIVIAN FULLER (hereinafter "Defendant Fuller"); collectively ("Defendants"); and John Does 1-10. The actions of Defendants described herein constitute violations of Title VII of the Civil Rights Act of 1964, as amended. In support thereof, Plaintiff would show this Honorable Court the following:

<u>**JURISDICTION AND VENUE**</u>

1.

This Court has federal jurisdiction under 28 U.S.C. 1331, 42 U.S.C. § 1981 and 28 U.S.C. 1343 for a cause of action arising under the Civil Rights Act of 1964 (§ 2000(e)-3(a)), as amended, challenging the retaliatory discharge directed at Plaintiff by Defendants.

1

2.

Venue is properly fixed in this division and district pursuant to 42 U.S.C. § 2000(e) since it is where the Defendant resides and where the discrimination took place.

## PARTIES

3.

Plaintiff, Fredrick L. Robinson, is an adult resident citizen of Hinds County in the State of Mississippi. The wrongful acts complained in this complaint occurred in Hinds County, Mississippi.

4.

Defendant, Jackson State University, is doing business in Mississippi located at 1400 John R. Lynch Street, Jackson, Mississippi 39217, and is in good standing. They can be served with process of this Court by service upon its Commissioner, Dr. Hank M. Bounds, located at 3825 Ridgewood Road, Jackson, MS 39211.

5.

Defendant, Vivian Fuller, is the Athletic Director for Jackson State University. Defendant Fuller can be served with process of this Court by personal service at the Athletics Department, Jackson State University, 1400 John R. Lynch Street, Jackson, Mississippi 39217.

6.

Defendant, Carolyn Myers, is the President of Jackson State University. Defendant Myers can be served with process of this Court by personal service at Office of the President, Jackson State University, 1400 John R. Lynch Street, Jackson, Mississippi 39217.

2

## FACTS

### 7.

Plaintiff Robinson was hired by Jackson State University on or about August 1, 1997. At the time of his termination, on or about May 31, 2012, Mr. Robinson was employed as Director of Sports Medicine.

### 8.

Defendant Fuller was hired by Jackson State University on or about August 8, 2011 as the Athletics Director; she was the supervisor and retaliator against Plaintiff.

### 9.

Shortly after Defendant Fuller began her employment – on or about August 11, 2012 – Dr. Fuller began her duties at Jackson State University.

### 10.

Plaintiff Robinson was a friend and colleague of Ms. Lolita Ward, also a plaintiff in a separate action against Jackson State University, claiming sexual harassment, retaliatory discharge, as well as hostile work environment. Plaintiff Robinson was aware of the unwanted sexual indiscretions directed towards Lolita Ward by Defendant Fuller, and also that she had become a sexual target of Defendant Fuller.

### 11.

Because of Plaintiff Robinson's association with Lolita Ward, and because of his participation in an investigation against Defendant Fuller, he began to be treated differently in his workplace. The attitude by the Athletic Director became hostile towards Plaintiff.

3

12.

Plaintiff Robinson was listed as a potential witness by Lolita Ward when she filed her complaint with the Equal Employment Opportunity Commission.  Because he was listed, the investigator for the EEOC requested a formal interview.  The interview was to take place on JSU's campus.

13.

On or about April 29, 2012, just one day before the EEOC interview was to take place, Plaintiff Robinson had a meeting with two (2) JSU attorneys.  During this interview, Plaintiff Robinson was coached on certain responses, or recommendations, which should be given during the interview.  Plaintiff felt as if the meeting was a rehearsal for his upcoming meeting with the EEOC investigator.

14.

Plaintiff Robinson was coerced by the JSU attorneys to protect Defendant Fuller and Myers.  Because of this coercion, he was concerned that if he testified against Defendant Fuller, Myers, or JSU that his *fifteen* (15) year employment with the University would be in jeopardy.

15.

The very next day, on or about April 30, 2012, Plaintiff Robinson interviewed with the EEOC investigator, Mr. Turner.  He did not protect Defendants Fuller or Myers, and even voiced his opinion to the contrary.  He told the truth, and did not protect Defendants Fuller or Myers.

16.

As suspected, just thirty (30) days after the interview was taken, Plaintiff Robinson received his termination letter.  The letter was dated May 31, 2012; the letter informed him that

4

his employment would be ending on June 30, 2012. As such, Plaintiff's extended employment with the University ended.

17.

Due to the irrational behavior of Defendants, Plaintiff Robinson was subjected to disparate treatment and retaliation in his workplace for making complaints about the sexual harassment directed at Lolita Ward, and also for participating in a Federal investigation against Defendants Fuller and Myers.   Defendant's discrimination and retaliation against Plaintiff violated the Equal Protection Clause to the Fourteenth Amendment to the U.S. Constitution and is actionable pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.

18.

Plaintiff filed this action against Defendant JSU, Defendant Fuller, and Defendant Myers because he was subjected to disparate treatment as compared to similarly situated employees and employees who had not engaged in protected activity. Defendant JSU wrongfully and illegally terminated Plaintiff's employment because he complained of a hostile work environment, and in retaliation for participating in the EEOC's investigation into Ms. Lolita Ward's charge of discrimination..

**ADMINISTRATIVE PROCEDURE**

19.

On or about May 31, 2012, Plaintiff filed a charge of retaliation, satisfying the requirements of 42 U.S.C. 2000(e) and 29 U.S.C. Sec. 206(d) with the Equal Employment Opportunity Commission. Such a charge was filed within one hundred and eighty (180) days

5

after the last unlawful employment practice occurred.  A true and correct copy is attached hereto as Exhibit "A."

20.

The Equal Employment Opportunity Commission mailed a Notice of Right to Sue letter to the Plaintiff on or about October 5, 2012.  A true and correct copy is attached hereto as "Exhibit B."

21.

This Complaint has been filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue, and the Plaintiff has complied with all statutory prerequisites to filing suit.

## COUNT I - RETALIATORY DISCHARGE AGAINST DEFENDANT JSU

22.

The allegations set forth in paragraphs 1 through 21 above are incorporated herein as if fully reproduced.

23.

Plaintiff Robinson engaged in activity protected under Title VII of the Civil Rights Act of 1964 by participating in the EEOC's investigation into Plaintiff Lolita Ward's charge of discrimination against Defendant Fuller.  Subsequent to Plaintiff Robinson engaging in such activity, and only after testifying unfavorably against Defendants Fuller and Myers, he was terminated by Jackson State University.  Defendant JSU, by and through the acts of its agents and employees – specifically Defendants Fuller and Myers – retaliated against Plaintiff Robinson after he informed, reported and participated in the EEOC's investigation regarding the unwanted sexual harassment by Defendant Fuller against Plaintiff Lolita Ward.    In addition, Plaintiff

6

Robinson either met or made numerous attempts to meet with JSU administration regarding the conduct of Defendants Fuller and Myers. Subsequent to Plaintiff Robinson engaging in such activity, and only after Defendant Fuller and Myers learned that Plaintiff Robinson informed, reported and participated in the EEOC's investigation, he was targeted by Defendants and ultimately terminated immediately thereafter.

24.

By Defendants' actions, it shows a direct and causal connection between the Plaintiff invoking his constitutional rights and the resulting termination by his employer. Such unlawful employment practices violate 42 U.S.C. Sec. 2000e-5(b).

## COUNT II- HOSTILE WORK ENVIRONMENT

25.

The allegations set forth in paragraphs 1 through 24 above are incorporated herein as if fully reproduced.

26.

Plaintiff, Frederick Robinson, was subjected to adverse and hostile employment conditions at Jackson State University arising out of the retaliation directed at him by Defendants named herein. Defendant JSU, by and through the acts of its agents and employees – specifically Defendants Fuller and Myers – berated and/or targeted Plaintiff Henderson. The work environment was permeated with discriminatory intimidation sufficiently severe and pervasive to alter working conditions by creating a hostile work environment. The conduct was unwelcome and offensive to Plaintiff. The conduct was such that would offend a reasonable person of the same sex.

27.

By Defendants' actions, it shows a direct and causal connection between the Plaintiff invoking his constitutional rights and the resulting termination by his employer. Such unlawful employment practices violate 42 U.S.C. Sec. 2000.

## COUNT III- CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C §1983

28.

The allegations set forth in paragraphs 1-27 above are incorporated herein as if fully reproduced.

29.

Plaintiff, Frederick Robinson, was subjected to adverse and hostile employment conditions at Jackson State University arising out of the retaliation directed at him by Defendants named herein.  It is clear that Jackson State University, by and through its agents and employees – specifically Defendants Fuller and Myers – arbitrarily and unreasonably terminated Plaintiff Robinson from his position for unlawful reasons and motivation.  The actions of the Defendants violate 42 U.S.C. § 1983 in violation of Plaintiff Robinson's rights – substantive and procedural - secured and guaranteed to him by the 1st and 14th amendments of the United States Constitution. Because of this violation, Plaintiff Robinson has been deprived of federal rights under the color of state law.

30.

By Defendants' actions, it shows a direct and causal connection between the Plaintiff invoking his constitutional rights and the resulting termination by his employer.  Such unlawful employment practices violate 42 U.S.C. § 1983, § 1981, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.

8

## COUNT IV - INTENTIONALINFLICTION OF EMOTIONAL DISTRESS

31.

The allegations set forth in paragraphs 1-30 above are incorporated herein as if fully reproduced.

32.

By their continued actions and conduct, Defendant Fuller and Myers have intentionally inflicted emotional distress upon Plaintiff Robinson.  Defendants' actions have been such to evoke outrage and revulsion.  Defendants' behavior has been malicious, willful, wanton, grossly, careless, indifferent, and/or reckless.  Because of this egregious conduct, Plaintiff Robinson has and will continue to suffer severe injuries. The injuries to Plaintiff Robinson were reasonable foreseeable.  As a direct and proximate result of Defendants' extreme and atrocious conduct toward Plaintiff, Plaintiff Robinson has suffered lost wages and benefits, suffered extreme emotional distress, and has sustained other pecuniary loss.  The unlawful actions of Defendants' were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## DAMAGES

33.

Because of the foregoing acts of Defendants, Plaintiff Robinson has suffered damages including but not limited to lost wages (back pay and future pay), lost benefits, lost earning capacity, reinstatement of previous position, emotional distress resulting in physical and mental injury, loss of reputation, inconvenience and other non-pecuniary losses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court take jurisdiction over this cause and, after hearing evidence, award the following:

a.      Injunctive relief requiring Defendants to reinstate Plaintiff to previous position, or front pay for the appropriate amount of time;

b.      Back pay and all fringe benefits that have accrued since Plaintiff was hired;

c.      Back pay and all fringe benefits that have accrued since Plaintiff was fired;

d.      Punitive damages in an amount to be determined at trial for Defendants' intentional discriminatory conduct conducted with malice, or in the alternative, with reckless indifference to Plaintiff's federally protected right not to be discriminated against under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.;

e.      Compensatory damages in the form of reduced wage earning capacity, emotional pain, suffering, inconvenience, mental anguish and other nonpecuniary losses as permitted by 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.;

f.      All costs of court including reasonable attorney's fees and expenses incurred in the prosecution of this cause pursuant to 42 U.S.C. Sec. 2000e-5(k), as well as any other statute named herein;

g.      All costs, disbursements, pre-judgment interests, post-judgment interests, expert witness fees, and reasonable attorney's fees allowed under actions brought pursuant to Title VII, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.

h.      A jury trial is demanded in accordance with Section 102(c) of the Civil Rights Act of 1991, as well as in accordance with any other statutes named herein; and

i.      All further and general relief which the Court finds appropriate under the circumstances.

Respectfully submitted, this is the 2nd day of January, 2012.

FREDRICK ROBINSON, PLAINTIFF

BY: _____
        ~~Rogen K. Chhabra~~

BY: _____
        Mike Saltaformaggio

ATTORNEYS FOR PLAINTIFF:

Rogen K. Chhabra (MSB# 99131)
Chhabra & Gibbs, P.A.
120 North State Street, Suite 200
Jackson, MS 39201
Telephone: (601) 948-8005
Facsimile:  (601) 948-8010
rchhabra@cglawms.com

Mike Saltaformaggio (MSB#104000)
'Maggio Law Group, PLLC
2628 Southerland Street, Suite A
Jackson, MS 39216
Telephone:  (769) 257-7594/5
Facsimile:   (769) 257-7770
mike@maggiolawgroup.com